Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2884 | **DATE** | 4/25/12 |
| **CASE TITLE** | George Tolbert (#2010-0204105) vs. Adam Monreal, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied pursuant to 28 U.S.C. § 1915(g) and the complaint is summarily dismissed with prejudice for failure of the plaintiff to advise the court that he had "struck out." The case is terminated. Having brought this action, the plaintiff nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, the plaintiff must pay any outstanding fees.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff appears to claim that parole officials have forced him to serve three years of mandatory supervised release ("MSR") although his plea agreement called for only a two-year term of MSR.

The plaintiff's motion for leave to proceed *in forma pauperis* must be denied because he has accumulated at least three "strikes." As the plaintiff is well aware, the Prison Litigation Reform Act of 1995, enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Mr. Tolbert has been repeatedly advised–as recently as less than four months ago–that he has "struck out." *See, e.g., Tolbert v. Brown*, No. 03 C 0526 (N.D. Ill.), Minute Order of January 27, 2003, (Coar, J.) *Tolbert v. Godinez*, No. 07 C 1573 (N.D. Ill.), Minute Order of March 30, 2007 (Hibbler, J.); *Tolbert v. Cline*, No. 08 C 0118 (N.D. Ill.), Minute Order of January 22, 2008 (St. Eve, J.); and *Tolbert v. O'Brien*, No. 11 C 8665 (N.D. Ill.), Minute Order of January 3, 2012, (Feinerman, J.). Notwithstanding his knowledge that he is barred from **(CONTINUED)**

mjm

**STATEMENT (continued)**

doing so, the plaintiff has nevertheless sought leave to proceed *in forma pauperis*, and without disclosing his 1915(g) status to the court. Consequently, the plaintiff's effective "fraud" on the court must "lead to immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The complaint is accordingly dismissed with prejudice. The court has no occasion to reach such questions as whether the plaintiff's claims are properly raised in a civil rights action rather than by way of a habeas corpus action.

Having brought this action, the plaintiff nevertheless remains obligated to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, the plaintiff must pay any outstanding fees. *Id.*